UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| TAMMY J. LANG, | ) | |
| (Social Security No. XXX-XX-1277), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:10-cv-16-RLY-WGH |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON JUDICIAL REVIEW**

**I. Statement of the Case**

Plaintiff, Tammy J. Lang, seeks judicial review of the final decision of the agency, which found her not disabled and, therefore, not entitled to Disability Insurance Benefits ("DIB") or Supplemental Security Income ("SSI") under the Social Security Act ("the Act"). 42 U.S.C. §§ 416(i), 423(d), 1381; 20 C.F.R. § 404.1520(f). This court has jurisdiction over this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff applied for DIB and SSI on September 11, 2006, alleging disability since January 1, 2004. (R. 107-15). The agency denied Plaintiff's application both initially and on reconsideration. (R. 79-86, 88-93). Plaintiff appeared and testified at a hearing on February 27, 2009 (R. 34-74) and a supplemental hearing on June 4, 2009 (R. 19-33), both before an Administrative Law Judge ("ALJ"). Plaintiff was represented by an

1

attorney; also testifying at the June 2009 supplemental hearing was a vocational expert. (R. 19). On June 26, 2009, the ALJ issued her opinion finding that Plaintiff was not disabled because she had continued to engage in substantial gainful activity after her alleged onset date. (R. 10-16). After Plaintiff filed a request for review, the Appeals Council denied Plaintiff's request, leaving the ALJ's decision as the final decision of the Commissioner. (R. 1-4). 20 C.F.R. §§ 404.955(a), 404.981. Plaintiff then filed a Complaint on January 29, 2010, seeking judicial review of the ALJ's decision.

## II. Legal Standards

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971); see also *Perkins v. Chater,* 107 F.3d 1290, 1296 (7th Cir. 1997). This standard of review recognizes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility. *Richardson,* 402 U.S. at 399-400. Accordingly, this court may not re-evaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner. *See Butera v. Apfel,* 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the court must still affirm the ALJ's decision denying benefits. *Schmidt v. Apfel,* 201 F.3d 970, 972 (7th Cir. 2000).

In order to qualify for disability benefits under the Act, Plaintiff must establish that

she suffers from a "disability" as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations set out a sequential five-step test the ALJ is to perform in order to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The ALJ must consider whether the claimant: (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform his past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy. *Id.* The burden of proof is on Plaintiff during steps one through four, and only after Plaintiff has reached step five does the burden shift to the Commissioner. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000).

## III. The ALJ's Decision

The ALJ determined that Plaintiff was insured for DIB through December 31, 2012. (R. 12). However, the ALJ concluded that Plaintiff had engaged in substantial gainful activity since the alleged onset date. (R. 12). The ALJ then determined that there had been no continuous 12-month period during which Plaintiff had not engaged in substantial gainful activity. (R. 15). The ALJ, therefore, concluded that Plaintiff was not under a disability. (R. 15).

**IV. Issues**

Plaintiff has raised two issues.

1. Whether the ALJ erred by finding that Plaintiff engaged in substantial gainful activity after her alleged onset date; and

2. Whether the ALJ mistakenly failed to apply SSR 83-20.

**Issue 1: Whether the ALJ erred by finding that Plaintiff engaged in substantial gainful activity after her alleged onset date**

Plaintiff's first argument is that the ALJ committed reversible error when she determined that Plaintiff had engaged in substantial gainful activity after Plaintiff's alleged onset date of January 1, 2004. As discussed above, step one of the five-step sequential evaluation process set out at 20 C.F.R. § 404.1520 requires the ALJ to determine whether or not Plaintiff has engaged in substantial gainful activity after her alleged onset date. The burden is on Plaintiff at step one to prove that she has not engaged in substantial gainful activity. Section 404.1520(b) explains: "If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience." Hence, a determination that Plaintiff has engaged in substantial gainful activity ends the five-step analysis, and Plaintiff must be found not disabled.

Here, the record indicates that Plaintiff was a self-employed hair stylist at a beauty salon. (R. 13). Section 404.1575 sets forth the criteria for determining whether or not the work performed by a self-employed individual amounts to substantial gainful activity.

4

The three tests § 404.1575 provides are:

> (i) Test One: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business. Paragraphs (b) and (c) of this section explain what we mean by significant services and substantial income for purposes of this test.
>
> (ii) Test Two: You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood.
>
> (iii) Test Three: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

20 C.F.R. § 404.1575(a)(2)(ii). The ALJ, in this instance, focused on Test One. Consequently, Plaintiff has engaged in substantial gainful activity if she: (1) renders services that are significant to the operation of a business; and (2) receives a substantial income from the business. *Id.* In order to meet the first prong of Test One, when a self-employed individual operates a business entirely by herself, *any* services she renders are significant to the business. *Id.* at § 404.1575(b). Because Plaintiff in this case was operating her own hairstyling business, the ALJ correctly concluded that Plaintiff had rendered services that were significant to the operation of a business and proceeded to the second prong of Test One.

Under prong two, self-employed income must be analyzed to determine "countable income." *Id.* at § 404.1575(c)(1). After a determination of countable income has been

5

made, the ALJ then proceeds to make a comparison between the individual's countable income and the threshold amounts listed in 20 C.F.R. § 404.1574(b)(2). If Plaintiff continued to earn countable income after her alleged onset date in excess of those threshold amounts listed in § 404.1574(b)(2), then she has earned substantial income, and she is not disabled. However, if, as was the case here, Plaintiff's countable income is less than the amounts listed in § 404.1574(b)(2), then the ALJ must examine Plaintiff's countable income to determine if it is "comparable" to the amounts Plaintiff was making before she became impaired. 20 C.F.R. § 404.1575(c)(2)(ii).

The record indicates that Plaintiff's countable income during those years considered by the ALJ were as follows:

| | | |
|---|---|---|
| 1994: $3072 | 1995: $4740 | 1996: $4151 |
| 1997: $5025 | 1998: $6111 | 1999: $6575 |
| 2000: $7147 | 2001: $7278 | 2002: $6894 |
| 2003: $7642 | 2004: $8996 | 2005: $9782 |
| 2006: $9844 | 2007: $7484 | 2008: $6023 |

(R. 15).[1] The ALJ examined these numbers and determined that in 2004, 2005, 2006, and 2007, Plaintiff made more money than in any year prior to the January 1, 2004, alleged onset date. (R. 15). The ALJ then took the five-year average of Plaintiff's countable income after Plaintiff's alleged onset date ($8425.80) and determined that it was more than the five-year average of countable income prior to her alleged onset date ($7107.20). Finally, the ALJ noted that Plaintiff's claim that she had to dramatically reduce her work

---

[1] Plaintiff has not challenged whether these numbers are the correct computations of her countable income and the court, therefore, accepts these figures.

after she became disabled on January 1, 2004, was severely undercut by the fact that 2005 and 2006 were her highest earning years. (R. 15). Based on all of these factors, the ALJ determined that Plaintiff's countable income after she alleges she became disabled was comparable to her countable income before she alleges she became disabled. The court agrees.

Plaintiff rightly concedes that her incomes in 2004, 2005, and 2006 amount to comparable countable income. Plaintiff, nevertheless, contends that the ALJ should have separated out 2007 and 2008 because her income "substantial[ly] decline[d]" during those two years. (Plaintiff's Memorandum in Support of Appeal at 15). Plaintiff's argument fails for two reasons. First, nothing in 20 C.F.R. § 404.1575(c)(2)(ii) indicates that an ALJ must compare Plaintiff's countable income in the manner that Plaintiff proposes. The regulation directs the ALJ to compare countable income before versus countable income after the alleged onset date. The ALJ's comparison of these two sets of countable income was sound.

Second, even if the ALJ was required to go year-by-year until she found a specific date where Plaintiff's countable income no longer qualified as "comparable" to the earlier income, the court cannot say as a matter of law that Plaintiff's countable income ceased to be comparable in either 2007 or 2008. In 2007, Plaintiff made more money than in any other year prior to her alleged onset date, except for 2003. Therefore, looking at the year 2007 alone, her income was clearly comparable to her income prior to her alleged onset date. As for 2008, if the ALJ was obligated to compare that year to the five years before

7

she alleges she became disabled, the $6023 she made in 2008 was still eighty-five percent (85%) of the five-year average prior to her alleged onset date. The court cannot say that, as a matter of law, a fifteen percent (15%) drop in Plaintiff's income in 2008 compared to her income prior to her alleged onset date of January 1, 2004, caused her income to no longer qualify as comparable income. Therefore, the ALJ's decision is supported by substantial evidence and must be affirmed.

**Issue 2: Whether the ALJ mistakenly failed to apply SSR 83-20**

Plaintiff also claims that the ALJ should have disregarded her allegation that her disability onset date was January 1, 2004, and instead altered her onset date to some time in 2007 or 2008 by applying SSR 83-20. However, the Seventh Circuit has explained that "SSR 83-20 addresses situations in which an ALJ finds that a person is disabled as of the date she applied for disability insurance benefits, but it is still necessary to ascertain whether the disability arose prior to an even earlier date . . . ." *Eichstadt v. Astrue*, 534 F.3d 663, 666 (7th Cir. 2008)(*citing Scheck v. Barnhart*, 357 F.3d 697, 701 (7th Cir. 2004)). SSR 83-20 does not apply when the ALJ finds that an individual is not disabled because there is no need to find an onset date. *Scheck*, 357 F.3d at 701. Therefore, because the ALJ concluded, at step one, that Plaintiff was not disabled because she had engaged in substantial gainful activity, SSR 83-20 does not apply. The ALJ was, therefore, not required to further develop the record as to a different onset date when Plaintiff continued to engage in substantial gainful activity throughout the requisite time period.

8

## V. Conclusion

Plaintiff is to be commended for continuing to work and support her family through difficult medical conditions. However, the ALJ's decision finding that Plaintiff had engaged in substantial gainful activity is supported by substantial evidence. The ALJ also did not improperly fail to apply SSR 83-20 or commit other errors of law. The final decision of the Commissioner of the Social Security Administration must be **AFFIRMED**. Judgment consistent with this Entry shall now issue.

**SO ORDERED** this  29th  day of September 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Donald Meyer Jr.
djmlaw@fuse.net